## DE MONY, GARNISHEE, v. JOHNSTON.

1. The debtor of a corporation may be garnisheed by a creditor of the corporation under the general law of garnishment; but no proceeding can be had under the act of 1841, to subject the debts of stockholders for stock due the company, on process of garnishment, issuing previous to the passage of that act.

Error to the County Court of Mobile.

THE plaintiff made affidavit that he had recovered judgment against the Mobile Cotton Press and Building Company, for the sum of $8,689 66-000, and that the corporation had no property in its possession, within his knowledge, to satisfy the

judgment, and prayed process of garnishment against the plaintiff in error, and others. Process of garnishment having issued, and been executed, a judgment *nisi*, was taken against the plaintiff in error, and afterwards set aside, and at the March term, 1843, a judgment was rendered against him as recited in the judgment upon his answer for $875.

The record then shows an answer dated 19th February, 1844, denying that the garnishee is a stockholder in the corporation, and denying any indebtedness. The answer being controverted on oath, an issue was made up to ascertain whether the garnishee was indebted to the corporation, upon which the jury found that he was indebted to the corporation in the sum of $1,292, at the time of the service of the garnishment, and for that sum the Court rendered judgment against him. He now prosecutes this writ, and assigns for error—

1. That the Court had no jurisdiction.
2. That the verdict did not respond to the issue.
3. No verdict could be rendered upon the issue.
4. The judgment should not have been reversed.
5. The garnishment did not conform to the statute.

CAMPBELL, for plaintiff in error. This proceeding could only be had under the act of 1841, which was not in existence when this garnishment was sued out. The act does not apply to garnishments then existing.

STEWART, contra. This proceeding was not had under the act of 1841. By the general attachment law the debtor of a corporation may be garnisheed upon a judgment against it. The answer of the garnishee cannot be looked to, as it is no part of the record; [3 Ala. Rep. 114] and the finding of the jury under the issue is conclusive of the indebtedness of the garnishee.

ORMOND, J.—There can be no doubt that the debtor of a corporation might be garnisheed by the law as it stood previous to the passage of the act of 1841, for the more speedy collection of debts against corporations, after a judgment obtained against it, and the proper affidavit being made. The design of the act of 1841, was to subject the stockholders of a corporation to process of garnishment for the amount of stock subscribed by them and unpaid.

The affidavit and the writ of garnishment proceed·upon the supposition that the garnishee is a debtor to the corporation. The answer denies any indebtedness and insists that the garnishee is not a stockholder, or responsible to the company as such. The issue tried, was whether the defendant was indebted to the corporation, when the garnishment issued. As we are not informed of the facts before the jury, we cannot determine from the record whether the indebtedness of the garnishee to the corporation, ascertained by the verdict of the jury, was founded upon his non-payment of the stock, or upon any other independent contract with the company. No question therefore arises under the act of 1841, by virtue of which it is clear that this action could not be maintained, as the process was sued out before the passage of the act. [Bingham v. Rushing, 5 Al. Rep. 403.]

. It appears by the return to the *certiorari* that a judgment, such as is described in the affidavit, was obtained by the defendant in error against the corporation, the judgment of the Court therefore against the garnishee must be affirmed.